## SCURLOCK, COMMISSIONER OF REVENUES v. GREENE COUNTY.

5-384                                        266 S. W. 2d 811

Opinion delivered April 12, 1954.

O. T. Ward, for appellant.

Gerald Brown and Kirsch & Cathey, for appellee.

GEORGE ROSE SMITH, J. This is a claim filed by the appellant, as Commissioner of Revenues, to recover severance taxes in the sum of $192.56, assertedly owed to the State by Greene County. The agreed facts are that the county, having purchased gravel from various landowners, removed the gravel itself and used it solely for the construction and maintenance of county roads. The county court's denial of the claim was affirmed by the circuit court.

We regard as controlling the decision in McLeod v. Kansas City So. Ry. Co., 206 Ark. 281, 175 S. W. 2d 391. There the railroad employed others to sever gravel from the railroad's own lands, and the stone was used by the railroad as ballast. The statute then in force imposed the severance tax, as an occupation tax, upon persons engaged in the business of severing natural resources for commercial purposes. Pope's Digest, §§ 13371 et seq.

We concluded that the railroad, in having its own gravel severed for its own use, was not engaged in business of a kind falling within the purview of the statute.

Some three years after that decision the General Assembly reënacted the severance tax law in its present form. Ark. Stats. 1947, Title 84, Ch. 21. The nature and the incidence of the tax have not been changed. It is still levied upon those who are engaged in the business of severing natural resources for commercial purposes. Section 84-2101 (c) and (f). As before, one who desires to engage in that business must apply to the Commissioner for a permit. Section 84-2103. If, as we held in the *McLeod* case, a private corporation mining gravel for use in its own business is not subject to the tax, still less is there reason to think that the State meant to tax one of its political subdivisions, a county, which severs gravel not for sale or other commercial purpose but only for use upon the public highways. Had the Legislature intended to broaden this field of taxation it would not have resorted again to substantially the same language that was construed in the earlier case.

Affirmed.